# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NODAR DZINDZIBADZE,

**Petitioner,**

v.

JAMAL L. JAMISON, *et al.*,

**Respondents.**

CIVIL ACTION NO.  26-3629

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                    **May 29, 2026**

Petitioner Nodar Dzindzibadze is one of countless individuals whom the government has subjected to mandatory detention based on its newfound interpretation of 8 U.S.C. § 1225 of the Immigration and Nationality Act ("INA"). Dzindzibadze now brings a habeas petition pursuant to 28 U.S.C. § 2241, challenging his continued detention without a bond hearing. Petitioner argues his detention is based upon an unlawful interpretation of § 1225, violates bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and violates due process.[1] Due to Petitioner's longstanding presence in the United States, the government lacked authority to mandatorily detain him under 8 U.S.C. § 1225(b)(2). Consistent with the reasoning of hundreds of other rulings in this District,[2] the Court will grant the petition and order Petitioner's immediate release.

---

[1] Pet. [Doc. No. 1].

[2] *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025)*; Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025)*; Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025)*; Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025)*; Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). Since then, numerous additional decisions have ruled against the government. *See, e.g.*, *Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan.

## I.    BACKGROUND

Petitioner is a citizen of Georgia who entered the United States without inspection on or before May 1, 2023 at the Southern Border, at or near San Luis, Arizona.[3] Following his entry, Petitioner was apprehended by Customs and Border Patrol ("CBP") and detained.[4] He was later released on an Order of Release on Recognizance.[5] Upon his release, he was issued a Notice to Appear and placed in removal proceedings.[6] Petitioner thereafter filed an I-589 Application for Asylum while residing in the United States, which remains pending.[7] As an asylum applicant, Petitioner received work authorization and a social security number.[8] Petitioner has no criminal history.[9]

Pursuant to a condition of his release on recognizance, Petitioner was required to attend scheduled check-ins with Immigration and Customs Enforcement ("ICE").[10] On May 27, 2026, Petitioner appeared for a check-in, and he was detained by ICE without prior notice or an explanation for his detention despite complying with all ICE reporting requirements.[11] He is currently detained at the Philadelphia Federal Detention Center and has not been provided a bond

---

6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025); *Kumar v. McShane*, No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025); *Alekseev v. Warden, Phila. Fed. Det. Ctr.*, No. 26-0462, 2026 WL 413439, at *1 (E.D. Pa. Feb. 13, 2026) (identifying that all 201 decisions in this District have rejected the government's position). Among this District's most recent decisions are *Contreras Guerrero v. Jamison*, No. 26-3237, 2026 WL 1383407 (E.D. Pa. May 18, 2026); *Rojas Lara v. Jamison*, No. 26-3183, 2026 WL 1383309 (E.D. Pa. May 18, 2026); and *Holovinov v. Jamison*, No. 26-3241, 2026 WL 1365009 (E.D. Pa. May 15, 2026).

[3] Pet. ¶ 2 [Doc. No. 1]; Ex. A [Doc. No. 1-1].

[4] Pet. ¶ 2 [Doc. No. 1].

[5] *Id.*; Ex. B. [Doc. No. 1-2].

[6] Pet. ¶ 2 [Doc. No. 1]; Ex. A [Doc. No. 1-1].

[7] Pet. ¶ 3 [Doc. No. 1].

[8] *Id.*

[9] *Id.* ¶ 4.

[10] *Id.*

[11] *Id.*

hearing.[12] Petitioner's detention results from Respondents' revised interpretation of § 1225(b)(2). Diverting course from a longstanding pattern, Respondents now argue that individuals who have been long-present in the United States without lawful status are "applicant[s] for admission" and subject to mandatory detention without a bond hearing.[13]

On May 27, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[14] Consistent with its established practice for recent cases involving individuals detained by ICE under § 1225, the Court ordered Respondents to show cause why the petition should not be granted and scheduled a hearing on the matter.[15] By stipulation of the parties, the Court cancelled the show cause hearing and resolved to decide the case on the papers, as the parties requested.[16]

## II.   LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 petition when the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[17] It is Petitioner's burden to show that his detention violates the Constitution or federal law.[18]

## III.   DISCUSSION

The decisive issue is whether mandatory detention provided for in § 1225(b)(2)(A) extends to noncitizens who, despite not being admitted or paroled, have established their

---

[12] *Id*. ¶¶ 1, 17, 40.

[13] *See* Opp'n at 2 [Doc. No. 4]; 8 U.S.C. § 1225(b)(2)(A).

[14] Pet. [Doc. No. 1].

[15] 5/28/26 Order [Doc. No. 2].

[16] 5/29/26 Order [Doc. No. 6].

[17] 28 U.S.C. § 2241(c)(3).

[18] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

presence in the United States.[19] As Respondents note, courts in this District have confronted this issue repeatedly and exhaustively.[20] Courts in this District have overwhelmingly rejected the government's position, holding that § 1225(b)(2) does not apply to noncitizens who are firmly established in the country.[21] Still, "[t]his Court considers each case on an *ad hoc* basis, and its rulings turn on the facts of each case at issue."[22]

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is clearly and beyond a doubt entitled to be admitted, the alien shall be detained. . ."[23] Noncitizens like Petitioner have traditionally been detained, if at all, under 8 U.S.C. § 1226, which provides a bond hearing to noncitizens.[24] Respondents ask this Court to diverge from its past interpretation of § 1225 and § 1226 based on decisions from the Fifth and Eighth Circuits, which held that "seeking admission" was not a separate requirement from the condition be an "applicant for admission."[25]

The Court need not defer to, and indeed rejects, the reasoning of *Buenrostro-Mendez v. Bondi* and *Avila v. Bondi*. The term "seeking admission," by its plain meaning, connotes present,

---

[19] Respondents do not contest whether this Court has jurisdiction to review Petitioner's petition. In any event, the Court has jurisdiction, as the various INA jurisdiction-stripping statutes, *see, e.g.*, 8 U.S.C. § 1252(g); 8 U.S.C. § 1252(a)(2)(B)(ii); 8 U.S.C. § 1252(b)(9), do not apply. *See Yilmaz*, 2025 WL 3459484, at *2 (concluding that the jurisdiction-stripping statutes are not germane because the petitioner "challenges his detention rather than the initiation of removal proceedings, because [the petitioner] cannot obtain relief for his detention following a final order regarding removal, and because [the petitioner's] detention is not the byproduct of a discretionary determination").

[20] *See* Opp'n at 2 [Doc. No. 4].

[21] *See supra* n.2.

[22] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[23] 8 U.S.C. § 1225(b)(2)(A).

[24] 8 U.S.C. § 1226.

[25] *Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi,* No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). *See also* Opp'n at 3, 5-6 [Doc. No. 4].

ongoing action.[26] "Because some affirmative, present action is required, this phrase cannot apply to all noncitizens already residing in the United States."[27] An "applicant for admission" who is "seeking admission" must therefore be a noncitizen at a port of entry seeking to cross into the United States.[28] Respondents' reading would render the term "seeking admission" entirely superfluous.[29] Their reading would also clash with past agency practice and the canon of constitutional avoidance.[30] Thus, the detention of noncitizens in situations like Petitioner's is governed not by § 1225, but by § 1226(a) and corresponding regulations, which entitle noncitizens to a bond hearing.[31]

Congress's amendment of § 1226 in the Laken Riley Act highlights this. Congress enacted provisions demanding that a noncitizen be detained without a bond hearing if he enters the country illegally and is convicted or charged with severe crimes.[32] This amendment would be meaningless if, as Respondents suggest, § 1225 authorized detentions without a bond hearing irrespective of criminal activity. Other provisions of § 1226 that reserve mandatory detention for

---

[26] *See Kashranov*, 2025 WL 3188399, at *6 (" '[S]eeking admission' describes active and ongoing conduct—physically attempting to come into the United States, typically at a border or port of entry and presenting oneself for inspection and authorization.").

[27] *Centeno Ibarra*, 2025 WL 3294726, at *5.

[28] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[29] *See Ndiaye*, 2025 WL 3229307, at *5 (determining that since Congress's " 'choice of words is presumed to be deliberate and deserving of judicial respect,' this Court must give meaning to the words 'an alien seeking admission.' " (quoting *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 364 (2018)).

[30] *See id.* at *6 (noting that, since 1997, the DHS had applied § 1226(a) to inadmissible noncitizens residing in the United States); *id.* at *7 (an interpretation of § 1225 allowing for the mandatory detention of noncitizens who have long been present in the country would implicate constitutional questions of due process).

[31] *See Yilmaz*, 2025 WL 3459484, at *3; *see also Centeno Ibarra*, 2025 WL 3294726, at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond"); *Jorge-Peralta v. Jamison*, No. 26-1775, 2026 WL 1047057, at *4 (E.D. Pa. Apr. 17, 2026) ("[Petitioner's] detention is instead governed by § 1226 because he is a '[noncitizen] already present in the United States.' " (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)).s

[32] Laken Riley Act, Pub. L. No. 119-1, § 2, 139 Stat. 3, 3 (2025); 8 U.S.C. § 1226(c)(1)(E).

when a noncitizen engages in criminal conduct would likewise be superfluous on Respondents' reading.[33] Recent decisions in the Second, Sixth, and Eleventh Circuits that concluded noncitizens like Petitioner are not subject to mandatory detention confirm these conclusions.[34]

Petitioner may be detained under the INA only if he receives a bond hearing, pursuant to § 1226 and applicable regulations, and the facts show that he poses a flight risk or danger to the community.[35] Respondents do not contend that Petitioner poses such a risk, and there is no evidence in the record that supports such a contention. Petitioner has been peacefully living in the United States, has no criminal record, and has valid employment authorization and a social security card. For these reasons, a bond hearing is unnecessary, and the Court will order Petitioner's immediate release.[36]

Because Petitioner's detention without a bond hearing violates the INA, the Court need not reach his bond regulations and due process arguments.

## IV. CONCLUSION

For the foregoing reasons, Respondents lacked authority to mandatorily detain Petitioner without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). The Court will grant his petition and issue a writ of habeas corpus. An appropriate order will be entered.

---

[33] *See, e.g.*, 8 U.S.C. § 1226(c)(1)(B) (requiring a noncitizen who is deportable because of criminal convictions to be detained).

[34] *See Barbosa da Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

[35] *See Yilmaz*, 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

[36] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).