**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NODAR DZINDZIBADZE,

          **Petitioner,**

   v.

JAMAL L. JAMISON, *et al.,*

          **Respondents.**

**CIVIL ACTION NO.  26-3629**

**ORDER**

**AND NOW,** this 29th day of May 2026, upon consideration of Nodar Dzindzibadze's

Petition for Writ of Habeas Corpus [Doc. No. 1] and the government's Opposition [Doc. No. 4],

and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED**

that the Petition is **GRANTED** as follows:

1. It is hereby **DECLARED** that Dzindzibade's continued detention is in violation of

    the Immigration and Nationality Act. Dzindzibade is not subject to mandatory

    detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all,

    pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2. The Writ of Habeas Corpus shall issue, and the government shall **RELEASE**

    Dzindzibade from custody immediately and certify compliance with the

    Memorandum Opinion and Order by filing an entry on the docket no later than **6:00**

    **p.m. ET on May 29, 2026**.

3. The government is temporarily enjoined from re-detaining Dzindzibade for seven

    days following his release from custody.

4. The government shall, immediately upon Dzindzibade's release, return all personal belongings confiscated upon or during his detention, including his identification and personal documents.

5. If the government chooses to pursue renewed detention of Petitioner after that seven-day period, it must first provide him with notice and an opportunity to be heard at a bond hearing, at which a neutral immigration judge will determine whether Petitioner poses a flight risk or a danger to the community. Should renewed detention occur, the government shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the Court to move Petitioner or unforeseen or emergency circumstances arise that require him to removed from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner.

It is so **ORDERED.**

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**